UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PEDRO GARCIA CHAVEZ, | Civ. 04-5027-KES |
| Petitioner, | |
| vs. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, and LARRY LONG, Attorney General for the State of South Dakota | |
| Respondents. | |

Petitioner, Pedro Garcia Chavez, a prisoner at the South Dakota State Penitentiary, petitions for a writ of habeas corpus. The case was referred to Magistrate Judge Marshall P. Young, who recommended that the court grant the writ of habeas corpus. Respondents object to the magistrate judge's findings. After a de novo review of the record, the petition for writ of habeas corpus is denied.

**BACKGROUND**

This is the second time this court has addressed the seizure of evidence from Chavez's car and his interrogation during a September 30, 2000, traffic stop. South Dakota Highway Patrolman Brian Swets testified that he pulled Chavez's car over because there was an object hanging from the rearview mirror in violation of SDCL 32-15-6. Large quantities of methamphetamine, cocaine, and marijuana were found in Chavez's car.

The United States charged Chavez with two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841. Chavez moved to suppress the evidence seized from his car, alleging that he was detained and questioned beyond the scope of a normal traffic stop and that Trooper Swets' search of his car was without probable cause. After a suppression hearing, the court found that the observations of Trooper Swets did not rise to the level of a reasonable articulable suspicion sufficient to expand the scope of the traffic stop. Additionally, the court found the evidence was not admissible under the inevitable discovery rule because the drug dog did not alert on Chavez's vehicle, but only indicated an interest in the vehicle. On April 23, 2001, the court ordered the evidence suppressed. The United States dismissed the charges against Chavez on May 23, 2001.

After the government dismissed the federal charges, the Lawrence County State's Attorney filed state drug charges. On May 31, 2001, a grand jury indicted Chavez charging him with five counts of possession of a controlled drug or substance with intent to distribute, possession of a controlled drug or substance, and possession of marijuana. Chavez moved to suppress the evidence again. During the suppression hearing, the state presented evidence and expert testimony that had not been presented during the federal suppression hearing. The Circuit Court for the Fourth Judicial Circuit denied the motion to suppress.

The state court found that Crockett, Trooper Swets' drug dog, alerted to the presence of drugs in Chavez's car.  Trooper Swets testified that when he asked Chavez if Crockett would find drugs in Chavez's car, Chavez answered "probably, if he's trained, probably but I don't think so."  Swets testified that he observed Crockett alert because Crockett's sniff intensified and his posture tightened.  Trooper Swets testified that Crockett "locked up on the trunk.  He did not go any further."  After the sniff, Trooper Swets told Trooper Thomas that Crockett "showed some interest" in Chavez's car.

Trooper Thomas, who did not testify at the federal suppression hearing, testified at the state suppression hearing that he paid particularly close attention to Crockett's sniff of the vehicle because of Chavez's statement that the dog would probably find drugs in the car.  Trooper Thomas testified that Crockett "sniffed a little bit more [and] stiffened up."  Trooper Thomas testified that he had worked with Officer Swets before and observed how Crockett reacted when he detected illegal drugs.

Kyle Heyen, who trained Crockett, testified as an expert at the state suppression hearing but did not testify at the federal suppression hearing.  He testified that when Crockett alerts, he wags his tail harder and his breathing becomes very intense and loud.  Heyen listened to the audio portion of the videotape of the arrest.  The search takes place off camera, but Heyen testified that he could hear the sound of the dog breathing heavily, which had not been present before Crockett began sniffing the car.  Heyen testified that the sound

3

of the increased breathing indicated that Crockett was alerting to the presence of illegal drugs in Chavez's car.

Deputy Sheriff Schafer testified that when he arrived on the scene, Trooper Swets informed him that Crockett had "showed interest" in Chavez's car. Deputy Schafer testified that he interpreted this as Trooper Swets informing him that Crockett had alerted to the presence of illegal drugs in the vehicle. Deputy Schafer did not testify at the federal suppression hearing. Based on the testimony of these four witnesses, the Circuit Court for the Fourth Judicial Circuit found that Crockett alerted to the presence of illegal drugs, giving Trooper Swets probable cause to search the car. Accordingly, the state court denied Chavez's motion to suppress.

On May 1, 2002, Chavez was found guilty of possession of cocaine with intent to distribute, possession of methamphetamine with intent to distribute, and possession of marijuana (more than one pound but less than ten pounds). Chavez was sentenced to two consecutive ten-year terms for possession with intent to distribute, and a concurrent sentence of ten years on the marijuana charge.

Chavez appealed his conviction to the South Dakota Supreme Court, arguing that the trial court erred in denying his motion to suppress. Chavez contended that the officers violated his <u>Miranda</u> rights, that they had no probable cause to search, and that the evidence should have been suppressed on grounds of collateral estoppel and double jeopardy. In a 3-2 decision, the

Court concluded that Trooper Swets' drug dog did alert on Chavez's vehicle which provided probable cause for the troopers to search the car. Because the Court found that the dog alerted, it did not reach the issues of whether Chavez's <u>Miranda</u> rights or constitutional rights were violated by the questioning about his alienage. The Court affirmed the conviction because the officers had reasonable suspicion to stop Chavez's car, the drug dog alerted, and the circuit court was not bound by the federal court's order suppressing the evidence.

On October 10, 2003, Chavez filed an application for a writ of habeas corpus with the Circuit Court for the Fourth Judicial Circuit, alleging violations of his right to be free from unreasonable searches and seizures and several other violations of his federal and state constitutional rights. On December 30, 2003, after a hearing on the matter, the court granted the state's motion to dismiss the application for writ of habeas corpus. On January 4, 2004, Chavez filed a motion for issuance of a certificate of probable cause, which the state circuit court denied on January 13, 2004.

Pursuant to 28 U.S.C. § 2254, Chavez filed a petition for writ of habeas corpus with this court on March 15, 2004. Chavez alleged violations of the Fourth Amendment right to be free from unreasonable searches and seizures, the Fifth Amendment Double Jeopardy Clause, and the Fifth Amendment right to due process of law. On October 13, 2005, Magistrate Judge Marshall P.

Young recommended granting the petition for writ of habeas corpus. Respondents filed timely objections.

## STANDARD OF REVIEW

The court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Respondents object to all of the magistrate judge's proposed findings and recommendations. Under 2254(d)(1), the court may issue a writ of habeas corpus if the state court decision was contrary to clearly established federal law as determined by the United States Supreme Court, or involved an unreasonable application of clearly established federal law. Parker v. Kemna, 260 F.3d 852, 853-54 (8th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). Under the "unreasonable application" clause of § 2254(d), a federal court may grant a writ of habeas corpus if the state court identifies the correct legal principal but unreasonably applies it to the facts of the prisoner's case. Id. at 854.

## DISCUSSION

**1.   Exhaustion**

Respondents allege that Chavez failed to exhaust his state court remedies. A federal court may not consider a habeas petition unless it appears that the applicant has exhausted his state remedies or there are circumstances

6

that make the state corrective process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine requires a state prisoner to file for any available discretionary review in the state's highest court before filing for federal habeas relief. Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001).

Respondents contend that Chavez should have filed a motion for a certificate of probable cause with the South Dakota Supreme Court after the circuit court denied his motion for a certificate of probable cause. The refusal to issue a certificate of probable cause is not appealable. SDCL 21-27-18.1. "However, a party may, upon the circuit judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal." Id. Respondents acknowledge that the deadline has passed, but contend that because Chavez was represented by counsel at the time, he could file an ineffective assistance of counsel claim and have his right to apply for a certificate of probable cause restored. Thus, respondents contend Chavez has an unexhausted state remedy available.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Although this language could be read to effectively foreclose habeas review by requiring a state prisoner to invoke any possible avenue of state

court review, we have never interpreted the exhaustion requirement in such a restrictive fashion." O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (emphasis in original). Prisoners are not required to file repetitive petitions or ask the state for collateral relief based on the same evidence and issues decided on direct review. See id.; Brown v. Allen, 344 U.S. 443, 447, 73 S. Ct. 397, 97 L. Ed. 469 (1953); Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). Section 2254(c) only requires that state prisoners give state courts a fair opportunity to act on their claims. O'Sullivan, 526 U.S. at 844.

In this case, the record indicates that Chavez is raising the same federal constitutional issues in this petition for a writ of habeas corpus that he raised in his direct appeal to the South Dakota Supreme Court. Thus, the court finds that Chavez has exhausted his state remedies. See O'Sullivan, 526 U.S. at 844.

**2.      Chavez's Fourth Amendment Claims**

Chavez alleges that the state troopers violated his Fourth Amendment rights by detaining him longer than necessary and searching his car without probable cause. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. A temporary detention during a traffic stop is a "seizure" of a person within the meaning of the Fourth Amendment and must be reasonable

under the circumstances. Whren v. United States, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). The decision to stop a vehicle is reasonable if the officer has probable cause to believe that a traffic violation has occurred. Id. at 810.

Respondents allege that the officers complied with the Fourth Amendment, and that even if they violated the Fourth Amendment, Chavez does not have a remedy because the exclusionary rule typically does not apply to habeas petitions alleging violations of the Fourth Amendment. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). Overturning a conviction on collateral review on the ground that a search-and-seizure claim was wrongly rejected by two levels of state courts imposes huge costs on society, while doing very little to deter violations of the Fourth Amendment. Stone, 428 U.S. at 490-91.

A federal court considering a state habeas claim alleging Fourth Amendment claims should not review the state's factual findings to determine whether the petitioner's Fourth Amendment rights were violated. Willett v. Lockhart, 37 F.3d 1265, 1270 (8th Cir. 1994). "Rather, the proper inquiry is whether 'the State has provided an opportunity for full and fair litigation' of the claim." Id. (quoting Stone, 428 U.S. at 494). Whether the state court made the

right or wrong decision is irrelevant under Stone. Id. (citing Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994)). "[A] petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result." Id. (citing Brecht v. Abrahamson, 944 F.2d 1363, 1372 (7th Cir. 1991)).

In Willett, the court adopted the two-part test used in the Second Circuit Court of Appeals to determine whether a habeas petitioner has had an opportunity for full and fair litigation of his Fourth Amendment claims in state court. Id. at 1273 (citing Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992)). A Fourth Amendment claim cannot be reviewed unless the state provided no procedure for raising a Fourth Amendment claim, or the prisoner was foreclosed from using that procedure "because of an unconscionable breakdown in the system." Id.

In this case, there is no dispute that the state provided Chavez a procedure for raising a Fourth Amendment claim at the circuit court level, on his direct appeal to the South Dakota Supreme Court, and in his state habeas petition. Chavez contends that he was denied a full and fair opportunity to litigate his Fourth Amendment claims because law enforcement had a second bite at the apple in state court after the federal court granted his motion to suppress. Petitioner contends this gave the state a chance to fix the problems revealed when this court suppressed the evidence. The record indicates that

the state bolstered its argument that the dog alerted with expert testimony in the state suppression hearing.

An unconscionable breakdown justifying review of a Fourth Amendment habeas petition may occur when the process is "meaningless because the totality of state procedures allegedly did not provide rational conditions for inquiry into federal law . . . questions." Capellan, 975 F.2d at 70 (emphasis added) (internal quotations omitted). Even if the trial is unfair, federal collateral review is unnecessary if the state courts have a valid corrective appellate or collateral procedure. Id. Thus, even if the state circuit court unfairly relied on expert testimony that the drug dog alerted and erred in denying Chavez's motion to suppress, this is not an unconscionable breakdown in the system because Chavez had a meaningful opportunity to argue his Fourth Amendment claim on appeal to the South Dakota Supreme Court and in his state habeas petition. See id. In Capellan, the court emphasized that "a mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Id. at 72.

The fact that Chavez was prosecuted by both the United States and South Dakota cannot be considered an unconscionable breakdown in the system, because prosecution by separate sovereigns for the same acts does not violate the constitution. See United States v. Leathers, 354 F.3d 955, 959-60 (8th Cir. 2004); see also United States v. Red Bird, 287 F.3d 709, 715 (8th Cir.

2002). Referrals and cooperation between federal and state officials are "commonplace and welcome." Leathers, 354 F.3d at 960. The suppression of evidence by a federal court does not preclude a state prosecutor from rearguing the issue in a subsequent state prosecution. People v. Meredith, 15 Cal. Rptr. 2d 285, 287 (Cal. Ct. App. 1992); Cf. United States v. Davis, 906 F.2d 829, 832 (2d Cir. 1990) (suppression of evidence in state court usually does not prevent the United States from using that evidence in a federal prosecution). Accordingly, the court finds that the state has provided an opportunity for full and fair litigation of Chavez's Fourth Amendment claims, and that further collateral review is barred by the Stone doctrine. See Stone, 428 U.S. at 494.

**3.    Collateral Estoppel/Double Jeopardy**

Chavez concedes that his subsequent prosecution by the state was not barred by the Double Jeopardy Clause because South Dakota and the United States are separate sovereigns. See Pet'r Reply Br. at 7. Chavez contends, however, that under the collateral estoppel doctrine, the state circuit court was required to suppress the evidence that the federal court suppressed when he was facing federal drug charges. Under the collateral estoppel doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 95, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Collateral estoppel cannot apply to a

litigant who did not have a "full and fair opportunity" to litigate the issue in the earlier case. Allen, 449 U.S. at 95.

Chavez contends that the same state law enforcement officers were witnesses in both suppression hearings, and the state prosecution began after the federal court ordered the drug evidence suppressed. Thus, Chavez alleges that the state court was required to suppress the evidence because state and federal authorities were in privity. The South Dakota Supreme Court held that the trial court was not bound by collateral estoppel because the state and federal officials were not in privity. This court may not grant habeas on this issue unless the state court's determination was contrary to clearly established federal law as determined by the United States Supreme Court or involved an unreasonable application of federal law to Chavez's case. Parker, 260 F.3d at 853-54.

The South Dakota Supreme Court relied on Bartkus v. Illinois, 359 U.S. 121, 123-24, 79 S. Ct. 676, 3 L. Ed. 2d 684, and several other state and federal cases, in holding cooperation between state and federal law enforcement officers does not mean that the two sovereigns were in privity. See State v. Chavez, 668 N.W.2d 89, 101, 2003 SD 93 (S.D. 2003). The critical factor is whether or not the state was acting independently. Id. The trial court found that the state made an independent decision to prosecute the case, which decision was unrelated to the federal prosecutor's decision not to appeal the suppression order, and that there was nothing about the case to suggest

that there was privity between the State's Attorney's office and the United States Attorney's office. Chavez, 668 N.W.2d at 101-02. Chavez has not cited any United States Supreme Court authority for his argument that cooperation between state and federal officers means that the two sovereigns are in privity, and the court is aware of no such authority. Chavez has not identified any facts in the record suggesting that the South Dakota courts unreasonably applied federal law to the facts of this case.

The testimony of the same officers in the federal and state suppression hearings is not enough to show that the State of South Dakota and the United States were in privity in this prosecution. "The state would be bound by the prior determination only if state prosecutors had participated actively in the federal prosecution." Stephens v. Attorney General of Cal., 23 F.3d 248, 249 (9th Cir. 1994) (per curiam). Testimony by the same police officers in both federal and state suppression hearings does not create privity between the state and federal prosecutors because the police officers do not have the authority to act in the state's name or decide how the prosecution should proceed. Stephens, 23 F.3d at 249. Cf. Davis, 906 F.2d at 832 (holding that collateral estoppel did not require suppression of evidence in subsequent federal proceeding, where federal government had no way of making its views known in state suppression hearing). The South Dakota courts reasonably applied federal law to Chavez's argument on this issue. Accordingly, Chavez's

petition for writ of habeas corpus is denied as to his collateral estoppel argument.

**4.     Miranda**

Chavez contends that he was in custody when the police pulled his car over and that the officers did not advise him of his Miranda rights before questioning him about his travel plans, his alienage, and other information unrelated to the traffic offense.  Chavez alleges that the statements he made before his formal arrest were illegally used against him in an attempt to justify the illegal search of his car.  Chavez made this argument in state court.  Thus, the court may not grant habeas on this issue unless the state court's determination was contrary to clearly established federal law as determined by the United States Supreme Court or involved an unreasonable application of federal law to Chavez's case.  Parker, 260 F.3d at 853-54.

The South Dakota Supreme Court did not consider Chavez's Miranda issue because it held that the drug dog alert provided probable cause for the search.  This court concluded the South Dakota courts reasonably applied federal law in reaching the conclusion that the drug dog alerted and that probable cause for a search did exist based upon that alert.  A Miranda violation may constitute harmless error when there remains overwhelming independent evidence of the defendant's guilt.  Lyons v. Luebbers, 403 F.3d 585, 597 (8th Cir. 2005).  In this case, a large quantity of cocaine, methamphetamine, and marijuana was found in the trunk of Chavez's car.

15

The suppression of statements Chavez made to the police would not have made any difference in the outcome of his trial because the drugs found in his car provided overwhelming evidence that Chavez was guilty of possession with the intent to distribute illegal drugs.  Because the state court's determination on this issue reasonably applied federal law and any <u>Miranda</u> violation would have been at most harmless error, Chavez's petition is denied as to the <u>Miranda</u> claim.  Accordingly, it is hereby

ORDERED that the petition for writ of habeas corpus (Docket 1) is denied.

Dated May 23, 2006.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE